**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**EASTERN DIVISION**

**JEFFERY LAMAR CRAWFORD**                                                        **PETITIONER**
**Reg. #35243-044**

**VS.**                          **CASE NO.: 2:12CV00242 KGB/BD**

**ANTHONY HAYNES, Warden,**
**Federal Correctional Complex,**
**Forrest City, Arkansas**                                                        **RESPONDENT**

**RECOMMENDED DISPOSITION**

**I**.      **Procedure for Filing Objections**

The following Recommended Disposition ("Recommendation") has been sent to

United States District Judge Kristine G. Baker.  Any party may file written objections to

this Recommendation.

Objections must be specific and must include the factual or legal basis for the

objection.  An objection to a factual finding must identify the finding believed to be

incorrect and must describe the evidence that supports that belief.

An original and one copy of objections must be received in the office of the United

States District Court Clerk within fourteen (14) days of this Recommendation.  A copy

will be furnished to the opposing party.

If no objections are filed, Judge Baker can adopt this Recommendation without

independently reviewing all of the evidence in the record.  By not objecting, you may also

waive any right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## II.  <u>Background</u>

On June 3, 2009, Petitioner Jeffery Lamar Crawford entered a guilty plea to a single-count indictment in the United States District Court, Eastern District of Missouri. On September 24, 2009, the District Court imposed a 120-month sentence.  Mr. Crawford filed an unsuccessful direct appeal with the Eighth Circuit.  *United States v. Crawford*, 376 F. App'x 651 (8th Cir. 2010).

On October 5, 2010, Mr. Crawford filed a 28 U.S.C. § 2255 petition with the sentencing court.  *Crawford v. United States*, Case No. 4:10CV1919-SNLJ (E.D. Mo., dismissed Oct. 19, 2011).  The sentencing court denied the petition on October 19, 2011. *Id*.  Mr. Crawford appealed the denial of his § 2255 petition; the Eighth Circuit, however, denied Mr. Crawford's certificate of appealability and dismissed the appeal on November 21, 2011.  *Id*. at docket entry #44.  The Supreme Court of the United States denied Mr. Crawford's petition for a writ of *certiorari* on October 4, 2012.  *Id*. at docket entry #48.

Mr. Crawford is now incarcerated in the Federal Correctional Complex in Forrest City, Arkansas.  On December 20, 2012, he filed the instant petition under 28 U.S.C. § 2241.  (Docket entry #2)  The case was reassigned to this Court on June 28, 2013. (#19)

In his petition, Mr. Crawford asks this Court to declare his "conviction null and void due to the fraud by the government in withholding Brady evidence."  (#2, at p. 18) He also raises issues with his guilty plea and his trial counsel's performance.  For the reasons that follow, the Court recommends DISMISSAL of the petition, without prejudice.

## III.   <u>Jurisdiction</u>

In his petition (#2), Mr. Crawford unequivocally challenges his federal conviction. This Court lacks jurisdiction to address this issue because, under the circumstances, this claim can be addressed only by the sentencing court.  28 U.S.C. § 2255.

Generally, a federal inmate may challenge his conviction or sentence only with the sentencing court through a motion to vacate, set aside, or correct their sentence, under 28 U.S.C. § 2255 .  *Lopez-Lopez v. Sanders*, 590 F.3d 905, 907 (8th Cir. 2010)(citing *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004), cert. denied, 545 U.S. 1147, 125 S.Ct. 2984 (2005)).  A habeas corpus petition under 28 U.S.C. § 2241, on the other hand, attacks the execution of a sentence, or the manner in which the sentence is being carried out, and it is within the subject-matter jurisdiction of the court presiding in the judicial district where the prisoner is being held.  *Matheny v. Morrison*, 307 F.3d 709, 711-712 (8th Cir. 2002).

A court cannot entertain a petition for habeas corpus under § 2241, "if it appears that the applicant has failed to apply for relief, by [§ 2255] motion, to the court which

sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by [§ 2255] motion is inadequate or ineffective* to test the legality of his detention." 28 U.S.C. § 2255(e)(emphasis added).  This last clause is a provision generally referred to as § 2255's "savings clause." *Abdullah*, 392 F.3d at 959.

To qualify for the savings clause, a petitioner must demonstrate that seeking relief from the sentencing court would be inadequate or ineffective. *Lopez-Lopez*, 590 F.3d at 907 (citing *Abdullah*, 392 F.3d at 959).  But this exception is a "narrowly circumscribed safety valve." *United States ex rel. Perez v. Warden, FMC Rochester*, 286 F.3d 1059, 1061-62 (8th Cir. 2002), cert. denied, 537 U.S. 869, 123 S.Ct. 275 (2002).  The fact that an individual is barred from filing a § 2255 motion for procedural reasons does not render the remedy inadequate or ineffective. *Lopez-Lopez*, 590 F.3d at 907.  Nor can the remedy be deemed inadequate or ineffective where a § 2255 motion was previously raised but rejected as a second or successive § 2255 motion.  Similarly, the fact that a § 2255 motion is time-barred would not render the motion inadequate or ineffective. *Id*.

In this petition, Mr. Crawford clearly challenges his conviction.  His direct appeal was unsuccessful, and the sentencing Court denied his § 2255 motion.  Mr. Crawford has not shown that the § 2255 remedy is "inadequate or ineffective" so as to qualify for the statute's savings clause.

Mr. Crawford has acknowledged the "inadequate or ineffective" requirement of the savings clause in 28 U.S.C. § 2255.  (#2, at p. 1)  He argues, however, that § 2255 is

inadequate or ineffective here because he raised his pending claim in a § 2255 motion, but the District Court denied relief.  (#2, at p. 12)  A § 2255 motion is not inadequate or ineffective merely because the sentencing Court denied relief, or because the sentencing Court denied permission to file a second or successive petition.  *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003) (citing *United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000)).

Mr. Crawford fails to present a separate, coherent argument showing why a § 2255 motion would be inadequate or ineffective.  It appears there is no plausible basis for this finding.  Because Mr. Crawford cannot meet his burden to proceed under the § 2255 savings clause, this Court cannot entertain his petition under 28 U.S.C. § 2241.

## IV.    Conclusion

The court in this judicial district lacks subject matter jurisdiction over Mr. Crawford's 28 U.S.C. § 2241 petition for writ of habeas corpus, and this Court recommends that the petition (#2) be dismissed, without prejudice.

DATED this 10th day of September, 2013.

_____
UNITED STATES MAGISTRATE JUDGE